**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CRIMINAL ACTION NO. 12-83-DCR-JGW
CIVIL ACTION NO. 13-7321-DCR-JGW**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**

**JONATHAN WAYNE MOORE**                                      **DEFENDANT**

**REPORT AND RECOMMENDATION**

On November 19, 2013 defendant's pro se motion pursuant to 28 U.S.C. §2255 to vacate or set aside his federal conviction and sentence was filed. Doc. 29. The United States filed its response in opposition on February 14, 2014 (doc. 37) and the March 14, 2014 deadline for filing a reply (doc. 33) has expired without a reply having been filed. Having reviewed the record and applicable law, the Court concludes that the §2255 motion should be denied.

**I. Factual and Procedural History**

Defendant was charged in July 2012 with possessing a firearm after having been convicted of a felony. Doc. 1. The penalty section of the indictment provided that the penalty range was "[n]ot less than 15 years['] imprisonment, nor more than life imprisonment . . . ." *Id.* at p.2. On the same day as the indictment was filed, the United States filed a notice regarding enhanced statutory punishment. Doc. 2. That notice provided in relevant part that if defendant were convicted he would "be subject to an enhanced statutory punishment pursuant to 18 U.S.C. §924(e) and shall be sentenced as an armed career offender . . . because he has three or more previous violent felony

1

convictions that were committed on occasions different from one another[.]" *Id.* at p.1. The notice then listed the qualifying felonies as two burglary in the third degree convictions in the Harrison County, Kentucky Circuit Court; three convictions for complicity to commit burglary in the third degree in the Estill County, Kentucky Circuit Court; another burglary in the third degree conviction in the Harrison County, Kentucky Circuit Court; a burglary in the third degree conviction in the Jackson County, Kentucky Circuit Court; and a burglary in the second degree conviction in the Robertson County, Kentucky Circuit Court. *Id.* at p. 1-2.

In August 2012 defendant entered into a plea agreement with the United States and filed a motion for rearraignment. Doc. 14. Section three of defendant's plea agreement—which defendant signed on August 15, 2012--provides in relevant part that defendant "had three or more previous violent felony convictions that were committed on occasions different from one another." Doc. 24, p.2, 4. Section four of the plea agreement provides that "[t]he maximum statutory punishment for this offense is imprisonment for not less than 15 years and not more than life" because "[t]he Defendant has three previous violent felony convictions under 18 U.S.C. §924(e) . . . and therefore the Defendant is subject to the enhanced statutory punishment." *Id.* Section eight of the plea agreement provides that [t]he defendant waives the right to appeal the guilty plea and conviction. The Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." *Id.* at p.3.

At his August 30, 2012 rearraignment, defendant answered in the affirmative when asked if he was "fully satisfied" with his attorney's "advice, representation, and

2

counsel[.]" Doc. 31, p. 6.  Defendant answered "[y]es, ma'am"[1] when asked by the Court if he had read the plea agreement prior to signing it.  *Id.* at p.7.  Defendant yet again answered in the affirmative when asked by the Court whether he admitted "every single fact" in paragraph three of the plea agreement (which, among other things, provided that defendant had three or more previous violent felony convictions) was correct. *Id.* at p. 9. Defendant also stated that he understood that the mandatory minimum punishment for his offense was fifteen years' imprisonment due to his previous violent felony convictions.  *Id.* at p. 9-10.

The United States then orally summarized the terms of the plea agreement, including paragraph eight's waiver clause.  *Id.* at p. 10.  Specifically, the United States noted that defendant "has agreed to waive his right to appeal the guilty plea and the conviction, and has also agreed to waive the right to file a collateral attack, a challenge after an appeal, to the guilty plea, the conviction, and to the sentence."  *Id.*  At the conclusion of the United States' oral summary of the plea agreement, defendant answered "[y]es, ma'am" both when asked by the Court if he had understood the United States' recitation and whether the recitation was "all correct[.]"  *Id.* at p. 11.  Judge Coffman then again explained to defendant that pursuant to paragraph eight of the plea agreement he had "given up or waived [his] right to appeal or to attack collaterally, which means file a separate lawsuit attacking your guilty plea or your conviction.  You have also given up your right to file a separate lawsuit attacking your sentence . . . ." *Id.*

Later during the rearraignment Judge Coffman asked defendant if he "admit[ted]

---

1  The case was reassigned to Judge Reeves in November 2013 due to Judge Coffman's retirement.  Doc. 28.

that before that date [when he possessed the firearm at issue] you [defendant] had three or more previous violent felony convictions[,]" to which defendant answered: "Yeah. Yes, ma'am. I just—I just—I mean, the federal—I've read it, and it states it's—it's a—it's a big difference between state and federal, but, yeah, I've read it. I mean, it states clearly in there that it's—they state it as violent felonies." *Id.* at 16-17. The Court then asked defendant again if he "admit[ted] that they were violent felony convictions[,]" to which defendant responded "[y]eah, according to federal guidelines, yes, ma'am, I have got to." *Id.* at 17. Defendant's counsel then stated that "[t]he violent felon[y], a felony of a business, is not a violent felon[y] in state court, but it is under the [federal] statutes." *Id.* The Court readily agreed, responding "[n]ever the same in state court." Defendant's attorney then stated "I understand, and that's why I've explained it to him over and over." *Id.*

In December 2012, defendant was sentenced to 180 months' imprisonment under the Armed Career Criminal Act ("ACCA"),18 U.S.C. §924(e), based on having three or more previous violent felony convictions.[2] Doc. 27, 32. During that hearing, defendant's counsel specifically stated that defendant was "aware at this late date [of] the difference in how the state handles burglary of a business as not a violent crime as opposed to how it's treated in the federal system under the armed career criminal [act]." Doc. 32, p.9. Defendant did not file an appeal.

No action was taken in the case until defendant filed the present §2255 motion in

---

2 18 U.S.C. §924(e) provides in relevant part that a person who "has three previous convictions . . . for a violent felony . . . shall be fined under this title and imprisoned not less than fifteen years . . . ." A "violent felony" is defined in relevant part as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary . . . ." 18 U.S.C. §924(e)(2)(B).

November 2013. Doc. 29. At the Court's directive, the court reporter filed in the record transcripts of the rearraignment and sentencing hearings. Docs. 31, 32.

## II. Analysis

### A. Issues Raised By Defendant

Defendant raises two interrelated arguments, both of which are based upon alleged ineffective assistance of counsel. First, defendant contends counsel was ineffective for "failing to challenge movant's PSR and . . . for not challenging movant's prior's [sic] that were erroneously misapplied . . . ." Doc. 29-1, p.2 (emphasis and nonstandard capitalization omitted). Second, defendant contends counsel was ineffective for failing to "adequately advise movant related to plea negotiations, exposure, and information to make a knowing, willing, and intelligent decision on pleading or risk trial." *Id.* at p. 9-13 (emphasis and nonstandard capitalization omitted).

### B. Defendant Knowingly and Voluntarily Waived His Right to File a §2255 Petition

The transcript of the August 30, 2012 rearraignment clearly demonstrates that defendant was aware of all relevant portions of the plea agreement, including the waiver clause. The plea agreement accordingly should be enforced because the record compels a conclusion that defendant knowingly and voluntarily waived his right to collaterally attack his guilty plea, conviction and sentence. *See, e.g., United States v. Thompson*, 2009 WL 1917073, at *1 (W.D.Ky. July 1, 2009) ("A valid plea agreement which contains a waiver of the right to seek collateral relief will bar such action, including a § 2255 motion attacking a conviction, sentence, or plea. *See Davila v.*

*United States*, 258 F.3d 448, 450–51 (6th Cir.2001) . . . .").

It is well settled that "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. §2255." *Davila*, 258 F.3d at 451. Nevertheless, a defendant may sometimes bring such a motion pursuant to §2255 ostensibly in violation of the waiver provision.

"Sixth Circuit authority . . . has shown that waivers do not always apply categorically." *United States v. Harding*, 2008 WL 4073393, at *20 (E.D.Ky. Aug. 29, 2008). Indeed, the Sixth Circuit has held that "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel . . . it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

Even so, not every allegation of ineffective assistance of counsel serves to bar the application of an otherwise valid waiver. Instead, only claims of ineffective assistance of counsel directly related to a plea agreement are not waived. As Magistrate Judge Atkins has explained: "in order to be non-waivable, an ineffective assistance of counsel claim must have some direct relation to the guilty plea, and not merely a vaguely-articulable connection." *United States v. Goree*, 2010 WL 5980621, at *1 (E.D.Ky. Nov. 30, 2010).

### C. Sentencing-related Ineffective Assistance of Counsel Claim

Defendant's first argument revolves around his claim that his counsel was ineffective for not challenging at sentencing the conclusion in the presentence investigation report ("PSI") that defendant's prior state felony convictions were violent crimes sufficient to cause him to be subject to an enhanced sentence. This claim is barred by the plea agreement because it does not impugn the waiver clause itself.

Instead, the argument involves post-guilty plea matters regarding what defendant believes to have been a more proper sentence. This Court has held that similar arguments are barred by the waiver clause of a plea agreement. *See United States v. Baxter*, 2012 WL 6861260, at *4-5 (E.D.Ky. Nov. 30, 2012) ("The only remaining claim is defendant's contention that his second attorney was ineffective for failing to ask the Court to consider petitioner's objections to the P.S.I. report[']s drug amount, along with the double counting of criminal history points for a prior conviction at defendant's Rule 35(a) hearing. . . . Defendant's ineffective assistance of counsel claim relates only to counsel's failure to argue for a reduction in defendant's sentence and in no way does the argument involve the validity (i.e., knowing and voluntary nature) of the waiver provision. Accordingly, though the argument is couched in ineffective assistance of counsel terms, it is clearly barred by the waiver provision of the plea agreement."); *report and recommendation adopted at* 2013 WL 157751, at *3 (E.D.Ky. Jan. 15, 2013).

In addition, defendant's argument would fail even if the Court were leniently to examine it on the merits because the record conclusively shows that defendant had the requisite violent felony convictions to be sentenced under the ACCA. Specifically,

defendant was convicted of two counts of burglary in the third degree in the Harrison Circuit Court in July 1994 (doc. 37-2, p. 6-7)[3] and another count of burglary in the third degree in the Jackson Circuit Court in 1999.[4] Doc. 37-4, p. 4-5.[5] Defendant's counsel cannot be deemed ineffective for failing to make a meritless ACCA-based argument. *See, e.g., Traini v. Curtin*, 2009 WL 5171887, at *18 (W.D.Mich. Dec. 21, 2009) ("An attorney's failure to raise futile or clearly meritless claims is not the ineffective assistance of counsel.").

---

[3] The ACCA "increases the sentences of certain federal defendants who have three prior convictions 'for a violent felony,' including 'burglary, arson, or extortion.'" *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013). To determine if a conviction qualifies as a violent felony under the ACCA, "courts use what has become known as the 'categorical approach': they compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.,* the offense as commonly understood." *Id.* Some statutes, however, contain alternative methods of committing an offense, some of which satisfy the ACCA and some do not. Those types of statutes are called divisible statutes. As the Supreme Court has explained, a divisible statute "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments . . . . to determine which alternative formed the basis of the defendant's prior conviction." *Id.* Kentucky's third degree burglary statute is a divisible statute because it criminalizes break-ins of vehicles, watercraft and aircraft. *United States v. McGovney*, 270 Fed.Appx. 386, 388 (6th Cir. 2008). The Court therefore may utilize documents such as indictments to determine if defendant's convictions meet the "generic" crime of burglary.

Defendant's indictment for the Harrison Circuit Court burglary convictions show that one count was for unlawfully entering "Martin's Bargain Barn" with the intent to commit a crime and the second count was for unlawfully entering "the residence of Daryll Pope" with the intent to commit a crime. Doc. 37-2, p.2. Therefore, using the modified categorical approach, it is manifest that both Harrison Circuit Court convictions meet the generic definition of burglary and, accordingly, qualify as violent offenses under the ACCA.

[4] The indictment which ultimately led to defendant's 1998 third-degree burglary conviction in the Jackson Circuit Court charged him with "unlawfully entering a building operated as the 30 Mart in Annvile, Kentucky, with the intent to commit a crime therein." Doc. 37-4, p.2. Therefore, the offense meets the generic definition of burglary and consequently qualifies as a violent felony under the ACCA.

[5] There appears to be a page missing from the judgment provided to the Court (the form judgment leaps from page one to page three) but nonetheless the portion of the judgment in the record amply demonstrates that defendant pleaded guilty to, and was sentenced for, committing burglary in the third degree.

The United States has provided documentation of additional convictions which it contends would qualify as violent felonies under the ACCA. However, the Court need not address those additional convictions as the three previously discussed third-degree burglary convictions are sufficient to subject

### D. Record Conclusively Contradicts Defendant's Remaining Ineffective Assistance of Counsel Claim

Defendant's second ineffective assistance of counsel claim is that counsel "pulled one over on [defendant] by promising him that he would only be facing a maximum of 84-months['] imprisonment . . . . In the event of Counsel stating this to [defendant] he felt amenable to pleading guilty." Doc. 29-1, p.9. Defendant also accuses counsel of not conducting a sufficient investigation or filing unspecified motions.

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 73 (1977). As previously discussed, on the same date defendant was indicted the United States filed a notice regarding enhanced statutory punishment, which clearly provided that defendant would be subjected to the ACCA if he were ultimately convicted. Doc. 2. In addition, paragraph four of defendant's plea agreement specifically provided that he was subject to the ACCA's fifteen-year minimum sentence. Doc. 24, p.2. Moreover, at rearraignment the Court orally told defendant that the plea agreement provided for a mandatory minimum punishment of fifteen years' imprisonment. Doc. 31, p.9. Defendant answered in the affirmative when asked by Judge Coffman if he understood the "enhanced statutory punishment of which I have just advised you." Doc. 31, p.10. In light of the record being replete with notifications and warnings to defendant regarding the mandatory

---

defendant to the ACCA.

minimum fifteen-year sentence, defendant's allegation that his attorney promised him a maximum sentence of 84 months is so outlandish and incredible as to be subject to summary dismissal.[6] *Blackledge*, 431 U.S. at 73. Defendant's contention that counsel was ineffective for failing to file unnamed motions is, as the Court construes it, a regurgitation of his previous argument that counsel should have challenged whether defendant should be subject to the enhanced punishment mandated by the ACCA. As defendant plainly had the requisite convictions to qualify for sentencing under the ACCA, counsel cannot be deemed ineffective for failing to file any meritless ACCA-based arguments.[7]

### III. Conclusion

For the foregoing reasons, defendant's §2255 motion [doc. 29] should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. U.S. v. Sullivan, 431 F.3d 976, 984 (6th Cir. 2005); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)(citing Howard

---

[6] To the extent that defendant argues that his guilty plea somehow was not voluntarily made, that assertion directly contradicts defendant answering in the affirmative when asked by Judge Coffman at rearraignment if he "want[ed] to plead guilty . . . ." Doc. 31, p.8. Defendant also admitted that "every single fact" the factual allegations underlying his conviction set forth in paragraph three of his plea agreement was correct. *Id.* at p.9. Finally, defendant answered affirmatively when asked by the Court if he was "pleading guilty because [he] was guilty and not for any other reasons[.]" *Id.* at p.12. The record conclusively contradicts, therefore, defendant's scattershot claims that he did not knowingly and voluntarily plead guilty.

[7] In addition, defendant's general failure to specify with precision what meritorious motions counsel

v. Secretary of HHS, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. Howard, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 24th day of March, 2014.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge

---

purportedly should have filed renders his argument fatally vague and conclusory.