UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 12-0083-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 13-7321-DCR |
| V. ) | |
| ) | |
| JOHNATHAN WAYNE MOORE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Johnathan Wayne Moore entered a guilty plea to a charge of possessing a firearm after having been convicted of a felony offense. [Record No. 16] On December 5, 2012, he was sentenced to a term of imprisonment of one hundred eighty months under the Armed Career Criminal Act, 18 U.S.C. § 924(e), to be followed by a term of supervised release of four years. [Record No. 27] This matter is pending for consideration of Moore's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 29][1] Watts's motion will be denied because he knowingly and voluntarily waived his right to file the current motion under 28 U.S.C. § 2255. Likewise, he has not asserted claims of ineffective assistance of counsel sufficient to overcome the waiver language of his written Plea Agreement.

On July 5, 2012, a federal grand jury returned a one-count indictment, charging Defendant Moore with possessing an Arms Corp., .38 caliber pistol after having been convicted

---

[1] This matter was reassigned to the undersigned following the retirement of United States District Judge Jennifer B. Coffman. [Record No. 28]

of a felony offense. [Record No. 1] Although Moore initially entered a plea of not guilty to the charge, on August 17, 2012, he moved the Court to be re-arraigned for the purpose of changing his plea. [Record No. 14] A written Plea Agreement was tendered at the time of the re-arraignment hearing. [Record No. 18] The Plea Agreement contains the following provisions which are relevant to the defendant's § 2255 motion:

> 3. The United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt and the Defendant admits these facts:
>
> (a) On May 21, 2012, in the Eastern District of Kentucky, the Defendant Johnathan Wayne Moore, entered the Cynthiana Jewelry and Pawn Shop, at 318 South Church Street, Cynthiana, KY 41031. The Defendant stole and took possession of a firearm, to wit, a .38 caliber revolver pistol, manufactured by Arms Corp. and bearing serial number A472124.
>
> (b) At the time of the events described in subparagraph (a), the Defendant had three or more previous violent felony convictions that were committed on occasions different from one another.
>
> (c) This firearm described in subparagraph (a) was manufactured outside of the Commonwealth of Kentucky; therefore, the firearm necessarily traveled in interstate commerce to be found in the Defendant's possession.
>
> 4. The maximum statutory punishment for this offense is imprisonment for not less than 15 years and not more than life. . . . The Defendant has three previous violent felony convictions under 18 U.S.C. § 924(e) as set forth in the notice filed by the United States, and therefore the Defendant is subject to the above enhanced statutory punishment.
>
> ** ** **
>
> 7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the advisory guideline range as determined by the Court as sentencing.

> 8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant also waives the right to collaterally attack the guilty plea, conviction, and sentence.

[Record No. 18]

The transcript of the change-of-plea hearing indicates that Moore did not agree to cooperate with the government in an attempt to receive a reduced sentence. [Record No. 30] Moore testified at this hearing that he understood he would be subject to a mandatory-minimum sentence of fifteen years imprisonment. [Record No. 31, pp. 10] Additionally, he confirmed that he fully understood the waiver provisions of his written Plea Agreement and that he had entered into the agreement with the United States voluntarily. [*Id.*, pp. 10-12]

Moore was sentenced to a term of incarceration to the minimum term required by 18 U.S.C. § 924(e) on December 5, 2012. He did not file a direct appeal after the Judgment was entered two days later. However, on November 19, 2013, he filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 29] Through this motion, Moore claims that his attorney provided ineffective assistance of counsel by not challenging his underlying felony convictions which resulted in the enhanced sentence imposed by the Court. [Record No. 29-1, pp. 2-] He also asserts that his attorney failed to challenge other parts of his Presentence Investigation Report, resulting in a greater sentence than otherwise would have been imposed.

In addition to the foregoing claims, Moore argues that his attorney performed ineffectively by failing to adequately advise him regarding plea negotiations, and by failing to

provide information regarding his likely sentence. As a result, he contend that he did not knowingly, willingly and intelligently enter a guilty plea.

In accordance with local practice, Moore's § 2255 motion was referred to a United States Magistrate Judge for initial review and issuance of a Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(B). On March 24, 2014, United States Magistrate Judge J. Gregory Wehrman issued his report. [Record No. 38] After summarizing the factual and procedural history of the case, Magistrate Judge Wehrman recommended that the motion be dismissed based on the waiver provision contained in Moore's Plea Agreement. He also recommended that the Court reject Moore's additional claims.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

Here, Moore has failed to file timely objections to the Magistrate Judge's Report and Recommendations. Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning the

issues raised by Moore's § 2255 motion. Additionally, Moore has not shown that a Certificate of Appealability should issue.[2]

During the change-of-plea hearing, Defendant Moore indicated that he had reviewed the Plea Agreement with his attorney and understood its contents. Further, Moore did not contest or disagree that he had the necessary qualifying felonies that subjected him to a mandatory term of incarceration of at least 180 months. Likewise, he did not object during the sentencing hearing when the Court adopted the findings contained in the PSR.

Under the undisputed facts outlined above, the Court is in full agreement with the Magistrate Judge's conclusion that Moore knowingly and voluntarily waived his right to collaterally attack his guilty plea, conviction and sentence. *United States v. Thompson*, 2009 WL 19170773, at *1 (W.D.Ky. July 1, 2009); *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). In reaching this conclusion, the Court is mindful that waivers such as those contained in the defendant's Plea Agreement do not always apply categorically. *United States v. Harding*, 2008 WL 4073393, at *20 (E.D.Ky. Aug. 29, 2008); *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *United States v. Goree*, 2010 WL 5980621, at *1 (E.D.Ky. Nov. 30, 2010) ("to be non-

---

[2] A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). In the present case, Moore has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

waivable, an ineffective assistance of counsel claim must have some direct relation to the guilty plea, and not a vaguely-articulated connection.").

Here, however, Moore's arguments involving post-guilty plea matters regarding what he believes would have been a more proper sentence are barred by the waiver provision of his Plea Agreement. And more importantly, the record demonstrates that the convictions he believed should have been challenged were, in fact, qualifying felonies under the Armed Career Criminal Act. [See Record No. 38, p. 8] As noted in the Magistrate Judge's Report and Recommendation, Moore's attorney cannot be found to be ineffective for failing to make an argument that is without merit. Finally, the Court rejects Moore's remaining arguments for the reasons outlined in the Report and Recommendation. [Record No. 38, pp. 9-10]

In summary, Moore has not demonstrated that he is entitled to collateral relief under 28 U.S.C. § 2255. Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge J. Gregory Wehrman [Record No. 38] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Johnathan Wayne Moore's motion to vacate, set aside, or correct his sentence [Record No. 29] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

3. A Certificate of Appealability shall not issue.

This 14th day of April, 2014.

