RECEIVED
NOV 29 2017
DEBORAH S. HUNT, Clerk

Eastern District of Kentucky
FILED
DEC 11 2017
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **JONATHAN WAYNE MOORE** | Criminal Action No. 5:12-cr-83-DCR-EBA-1 |
| -Movant, | *Civil Case No.* 5:16-cv-00490-DCR-EBA |
| vs. | 5:13-cv-07321-DCR-JGW |
| **UNITED STATES OF AMERICA** | Request for Expansion of COA/Appeal |
| -Respondent. | |

Comes now, Petitioner Jonathan Wayne Moore, Pro-Se, requesting this Court expand the extent of the COA and adjudication on the merits of each claim.

### JURISDITION

The District Court having denied Petitioners 18 U.S.C. §2255 and Request for Reconsideration 59(e), granted COA on whether or not Mathis should be applied retroactively for Petitioner MOORE. The Petitioner request this Court extend the scope of COA to determine whether or not the District Court erred in concluding the Petitioner exclusively relied on Mathis.

### Background

Petitioner Moore, timely filed for prefiling authorization for the unconstitutional application of the ACCA under the voided Residual Clause. (Johnson (S.Ct. 2015), §2255(h)). This Court granted prefiling and the Petition was forwarded to the District

Court. The Government initially conceded that the Petitioner did not qualify as an ACCA and [his] ACCA should be vacated. Shortly after the motion to concede the Government filed a corrected motion claiming the Petitioner relied on Mathis and Mathis was not retroactive. Petitioner filed response and reconsideration motions attempting to explain that Mathis was not necessary to conclude Kentucky Third Degree Burglary fell under the Residual Clause. The Court concluded that the Petitioner relied on Mathis and denied the motion. COA was granted on the issue was whether or not Mathis is retroactive.

## Expansion of COA

The Petitioners primary argument hinged on the Sixth Circuit's decision in United States v. Brumback, 614 F. App'x 288, 291 (6th Cir. 2015), well before the Supreme Courts decision in Mathis. Assuming Mathis never existed the District Court could have concluded that Kentucky Third Degree Burglary was overbroad and could only be a violent felony under the Residual Clause as this Court noted in Brumback. As a matter of fact prior to Mathis, the District Court Judge, Judge Danny Reeves ruled on IN RE: Roy Dean Woods, Civil No. 16-5226, that Kentucky Third-Degree Burglary does not qualify under the enumerated offense clause and therefore must fall under the residual clause. The Supreme Courts intent on its ruling in Mathis was to enlighten, however it seems Mathis has caused more confusion for the government.

Its worth noting that no party objects to the fact that if the Petitioner were to be resentenced the ACCA would not apply. This could be determined based on Johnson invalidation of the Residual Clause and the Sixth Circuits ruling in Brumback. The

government would have never been in the position to conduct the modified categorical as this Court had already concluded its classification under the residual clause.

### COA granted Issue

The granted COA on whether or not Mathis should apply retroactive to the Petitioner. To avoid any confusion, the petition strongly believes his ACCA should be vacated on the issue in "Expansion of the COA". In cases like the Petitioners, where the government relies on their own stupidity as a defense, maybe Mathis should apply retroactively. Although this should not be necessary as the Petitioner filed timely under Johnson, and has a legitimate Johnson claim.

### CONCLUSION

Petitioner requests this Court extend the COA, grant Appeal, and reverse and remand to District Court with instructions to resentence Petitioner without the unconstitutional application of the ACCA.

Respectfully Requested,

Jonathan W Moore /15672-032
Jonathan Wayne Moore #15672-032
Federal Correctional Institute
P.O. Box 4000
Manchester, KY 40962

## CERTIFICATE OF SERVICE

Pursuant to the principles of Houston v. Lack, 487 U.S. 266, 276 (1998) the attached motion was filed with the Court on this date by depositing the included motion into the prison legal mail collection box, in a sealed envelope and addressed to: 15672-032⇔
Us Court Of Appeals
Sixth Circuit
100 E 5TH ST
Suite 540
Cincinnati, OH 45202
United States

Signed under penalty of perjury in accordance to 28 U.S.C. §1746, on this 22 day of Nov, 2017.

Jonathan Wayne Moore #15672-032
Federal Correctional Institute
P.O. Box 4000
Manchester, KY 40962

4